Rene L. Valladares
Federal Public Defender
Nevada State Bar No. 11479
Erin Gettel
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
Erin_Gettel@fd.org

# United States District Court
## District of Nevada

| | |
|---|---|
| Jess Elijio Carranza, Jimmy Carter Kim, <br><br> Plaintiffs/Petitioners, <br><br> v. <br><br> Brian Koehn, Warden, Nevada Southern Detention Center, <br><br> Defendant/Respondent | Case No. 2:20-cv-01586-GMN-DJA <br><br> Motion for Appointment of Counsel |

One of the arguments Respondent raised in its motion to dismiss is that undersigned had not been appointed to represent petitioners in this action. The Federal Public Defender's Office has been appointed to represent Petitioners in their underlying criminal cases,[1] and that appointment extends to ancillary proceedings.[2] This Court should find that this is an ancillary proceeding and that reappointment is therefore not necessary and the FPD is properly representing Petitioners in this action.

Alternatively, Petitioners move for appointment of counsel under 18 U.S.C. §3006A(2)(B), which authorizes this Court to provide representation for any

---

[1] *United States v. Carranza*, 2:19-cr-00310-RFB-BNW, ECF No. 9; *United States v. Kim*, 2:18-cr-00836, ECF No. 10.

[2] 18 U.S.C. § 3006A(c).

financially eligible person seeking relief under § 2241 when "the interests of justice so require." Petitioners financially qualified for the appointment of counsel when they made their initial appearances in their respective criminal cases. Their financial situations have not improved while in custody, and they remain indigent. Due to the complexity of the legal issues, the important issues at stake, and the likelihood of success on the merits, appointment of counsel is in the interest of justice. Additionally, undersigned is aware of at least one case in which the Federal Public Defender's Office has been appointed to represent prisoners challenging conditions under § 2241 post-conviction in the context of COVID-19, *Stirling v. Salazar*.[3] Appointment is even more appropriate in the pretrial context where the FPD Office is already representing Petitioners.

Dated September 28, 2020.

Respectfully submitted,

Rene L. Valladares
Federal Public Defender
*/s/ Erin Gettel*
Erin Gettel
Assistant Federal Public Defender

---

[3] 3:20-cv-00712, ECF No. 24 (D. Or. 2020). The docket also refers to Stirling v. BOP, et al., because the petitioner had originally filed pro se naming the BOP, Sheridan FDC, and Sheridan FDC staff. ECF No. 1. Because Stirling had already been sentenced and was serving a BOP sentence, the FPD was not currently representing him as is the case here. The Court sua sponte appointed the Oregon Federal Public Defender's Office in the interest of justice under 18 U.S.C. 3006A(a)(2)(B). ECF No. 4. After the FPD was appointed, it filed an amended petition/complaint naming the proper respondent, the Warden of FCI Sheridan. ECF No. 16. The petition remains pending.

# **CERTIFICATE OF ELECTRONIC SERVICE**

The undersigned hereby certifies that he is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on September 28, 2020, he served an electronic copy of the above and foregoing Motion for Appointment of Counsel by electronic service (ECF) to the person named below:

>NICHOLAS A. TRUTANICH
>United States Attorney
>HOLLY A. VANCE
>Assistant United States Attorney
>501 Las Vegas Blvd. South
>Suite 1100
>Las Vegas, NV 89101

*/s/ Brandon Thomas*
Employee of the Federal Public Defender

3