**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JESS ELIJIO CARRANZA,<br>JIMMY CARTER KIM,<br>   Plaintiffs/Petitioners,<br>vs.<br>WARDEN BRIAN KOEHN<br>   Defendant/Respondent. | Case No.: 2:20-cv-01586-GMN-DJA<br><br>**ORDER** |

Pending before the Court is the Motion for Appointment of Counsel, (ECF No. 17), filed by Plaintiffs/Petitioners Jess Elijio Carranza and Jimmy Carter Kim (collectively, "Plaintiffs"). Defendant/Respondent Warden Brian Koehn ("Defendant") filed a Response, (ECF No. 23), and Plaintiffs filed a Reply, (ECF No. 26). For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion for Appointment of Counsel.

This case arises from Plaintiffs' allegations that their constitutional rights have been violated as a result of inadequate measures to protect them from contracting COVID-19 while being held in federal pretrial detention at Nevada Southern Detention Center ("NSDC"). (*See generally* Pet. Writ Habeas Corpus ("Pet."), ECF No. 1). Plaintiffs originally brought a petition for a writ of habeas corpus under 28 U.S.C. § 2241, as well as declaratory and injunctive relief claims. (*Id.*). The Court dismissed the habeas petition, and the case now proceeds as a civil-rights action under the Court's inherent equitable powers. (*See generally* Order, ECF No. 24).

Plaintiffs are both represented by the Federal Public Defender's Office ("FPD") for their underlying criminal cases, and the FPD also submitted the petition for a writ of habeas corpus on Plaintiffs' behalf. (Mot. Appointment Counsel ("Mot."), 1:17–22, ECF No. 17). Plaintiffs argue that the FPD's appointment extends to the present civil case as an ancillary matter and

that "the FPD is properly representing them" in this civil action. (*Id.* 1:20–22). Alternatively, if this is not an ancillary matter, Plaintiffs claim that the FPD's appointment is still proper under the exceptional circumstances of the case. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1104 (9th Cir. 2004) (allowing court appointment of an attorney to represent a plaintiff in a civil action when there are exceptional circumstances); (Reply 4:17–5:1, ECF No. 26). Defendant counters that "this proceeding is not 'ancillary'" and "the 'interests of justice' do not require the appointment of counsel." (Resp. 1:14–17, ECF No. 23).

In district courts, the appointment of counsel for persons financially unable to obtain representation in criminal cases is governed by 18 U.S.C. § 3006A. "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). Ancillary matters include proceedings sufficiently related to the underlying criminal case. *See United States v. Martinson*, 809 F.2d 1364, 1370 (9th Cir. 1987). Plaintiffs argue that the current proceeding is an ancillary matter because "proceedings to protect [constitutional rights] are 'sufficiently related' to [Plaintiffs'] underlying [criminal] cases and 'appropriate' to the FPD's appointment." (Reply 4:6–9). Therefore, Plaintiffs conclude that the FPD's appointment to their criminal cases extends to the present civil case. (Reply 1:20–22).

Further, the existence of exceptional circumstances entails an analysis of the "likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1104 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Plaintiffs argue that the circumstances of their case are exceptional because, based on the filings, it is likely to succeed on the merits and involves complex constitutional issues that Plaintiffs could not litigate on their own. (Reply 5:9–6:12). The Court finds Plaintiffs' arguments persuasive and determines

1  that the present case is an ancillary matter proceeding under exceptional circumstances.
2  Therefore, the Court grants Plaintiffs' Motion for Appointment of Counsel.
3      Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Appointment of
4  Counsel, (ECF No. 17), is **GRANTED**.
5      **DATED** this __26__ day of October, 2020.

                                          _____
                                          Gloria M. Navarro, District Judge
                                          United States District Court