Jacob B. Lee
Nevada Bar No. 012428
Ashlee B. Hesman
Nevada Bar No. 012740
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1695
JLee@strucklove.com
AHesman@strucklove.com

Gina G. Winspear
Nevada Bar No. 005552
DENNETT WINSPEAR, LLP
3301 North Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
Telephone: (702) 839-1100
Fax: (702) 839-1113
GWinspear@dennettwinspear.com

*Attorneys for Respondent Brian Koehn*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JESS ELIJIO CARRANZA, JIMMY CARTER KIM, <br><br> Plaintiffs/Petitioners, <br><br> v. <br><br> WARDEN BRIAN KOEHN, <br><br> Defendant/Respondent. | Case No. 2:20-cv-01586-GMN-DJA <br><br> **RESPONDENT B. KOEHN'S ANSWER TO PLAINTIFFS/PETITIONERS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (DKT. 1)** |

For his Answer to Plaintiff/Petitioners' Complaint for Declaratory and Injunctive Relief ("Complaint") (Doc. 1), Defendant/Respondent Koehn ("Defendant" or "Warden Koehn") admits, denies, and alleges as follows. Warden Koehn denies each and every allegation in the Complaint that is not expressly admitted or otherwise pled to.

**INTRODUCTION**

The allegations in the Introduction are generally not directed at Warden Koehn, such that no response is required and none is given. To the extent a response is required, Warden Koehn admits only that CoreCivic owns and operates the Nevada Southern Detention Center ("NSDC")

located in Pahrump, Nevada, and that NSDC houses detainees in the legal custody of the United States Marshals Service ("USMS") and United States Immigration and Customs Enforcement ("ICE") pursuant to CoreCivic's detention services agreements with those entities. Warden Koehn is without sufficient knowledge or information to form a belief as to the remaining allegations, and on that basis denies them.

**PARTIES**

The allegations in the first two paragraphs of the Parties section are not directed at Warden Koehn, such that no response is required and none is given. To the extent a response is required, Warden Koehn admits only that Plaintiffs Carranza and Kim are USMS detainees at NSDC, and were at all times relevant to the events alleged in the Complaint. Warden Koehn denies the remaining allegations.

Warden Koehn denies the allegations in the third paragraph of the Parties section and affirmatively alleges that his last day as Warden of NSDC was October 20, 2020. Warden Koehn further affirmatively alleges that Blair Leibach is the Interim Warden of NSDC at this time.

**JURISDICTION AND VENUE**

Warden Koehn admits only that this Court has subject-matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331. By so admitting, Warden Koehn does not admit the sufficiency of the allegations or the validity of the claims, both of which are specifically denied. Warden Koehn denies the remaining allegations regarding jurisdiction and affirmatively alleges that the Court previously dismissed the habeas corpus claims asserted in Plaintiffs' Complaint. (Doc. 24.)

Warden Koehn admits only that venue is proper in this Court. By so admitting, Warden Koehn does not admit the sufficiency of the allegations or the validity of the claims, both of which are specifically denied. Warden Koehn denies the remaining allegations regarding venue.

**STATEMENT OF FACTS**

1.     The allegations in Paragraph 1 of Plaintiffs' Complaint are not directed at Warden Koehn, such that no response is required and none is given. To the extent a response is required,

Warden Koehn is without sufficient knowledge or information to form a belief as to the remaining allegations, which are outdated by several months, and on that basis denies them.

2. The allegations in Paragraph 2 of Plaintiffs' Complaint are not directed at Warden Koehn, such that no response is required and none is given. To the extent a response is required, Warden Koehn is without sufficient knowledge or information to form a belief as to the remaining allegations, and on that basis denies them.

3. The allegations in Paragraph 3 of Plaintiffs' Complaint are not directed at Warden Koehn, such that no response is required and none is given. To the extent a response is required, Warden Koehn is without sufficient knowledge or information to form a belief as to the remaining allegations, and on that basis denies them.

4. The allegations in Paragraph 4 of Plaintiffs' Complaint are not directed at Warden Koehn, such that no response is required and none is given. To the extent a response is required, Warden Koehn admits the allegations and affirmatively alleges that NSDC has implemented extensive measures, including but not limited to reducing the population to better allow social distancing, to mitigate the risk of COVID-19 at NSDC.

5. The allegations in Paragraph 5 of Plaintiffs' Complaint are not directed at Warden Koehn, such that no response is required and none is given. To the extent a response is required, Warden Koehn is without sufficient knowledge or information to form a belief as to the remaining allegations, and on that basis denies them.

6. The allegations in Paragraph 6 of Plaintiffs' Complaint are not directed at Warden Koehn, such that no response is required and none is given. To the extent a response is required, Warden Koehn is without sufficient knowledge or information to form a belief as to the remaining allegations, and on that basis denies them.

7. The allegations in Paragraph 7 of Plaintiffs' Complaint are not directed at Warden Koehn, such that no response is required and none is given. To the extent a response is required, Warden Koehn admits the allegations and affirmatively alleges that NSDC has implemented extensive measures, including but not limited to reducing the population to better allow social

distancing, providing detainees with face masks, encouraging regular hand-washing, and enhanced sanitation procedures, to mitigate the risk of COVID-19 at NSDC.

8. The allegations in Paragraph 8 of Plaintiffs' Complaint are not directed at Warden Koehn, such that no response is required and none is given. To the extent a response is required, Warden Koehn denies the allegations.

9. The allegations in Paragraph 9 of Plaintiffs' Complaint are not directed at Warden Koehn, such that no response is required and none is given. To the extent a response is required, Warden Koehn denies the allegations.

10. The allegations in Paragraph 10 of Plaintiffs' Complaint are not directed at Warden Koehn, such that no response is required and none is given. To the extent a response is required, Warden Koehn denies the allegations.

11. The allegations in Paragraph 11 of Plaintiffs' Complaint are not directed at Warden Koehn, such that no response is required and none is given. To the extent a response is required, Warden Koehn denies the allegations.

12. The allegations in Paragraph 12 of Plaintiffs' Complaint are not directed at Warden Koehn, such that no response is required and none is given. To the extent a response is required, Warden Koehn denies the allegations.

13. The allegations in Paragraph 13 of Plaintiffs' Complaint are not directed at Warden Koehn, such that no response is required and none is given. To the extent a response is required, the declaration of Dr. Magner speaks for itself.

14. The allegations in Paragraph 14 of Plaintiffs' Complaint are not directed at Warden Koehn, such that no response is required and none is given. To the extent a response is required, the declaration of Dr. Williams speaks for itself.

15. Warden Koehn denies the allegations that precede Paragraph 15 of Plaintiffs' Complaint. In answer to Paragraph 15 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

16. In answer to Paragraph 16 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

17. In answer to Paragraph 17 of Plaintiffs' Complaint, Warden Koehn is without sufficient knowledge or information to form a belief as to the remaining allegations, and on that basis denies them.

18. In answer to Paragraph 18 of Plaintiffs' Complaint, Warden Koehn denies the allegation that detainees must remain in their assigned units while test results are pending. As to the allegations regarding Plaintiff Kim, Warden Koehn admits that Plaintiff Kim remained in Unit G4 for two days while his COVID-19 test results were pending, and that he was moved to Unit CA after the results came back positive. Warden Koehn denies the remaining allegations.

19. In answer to Paragraph 19 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

20. In answer to Paragraph 20 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

21. In answer to Paragraph 21 of Plaintiffs' Complaint, Warden Koehn denies the allegations. Warden Koehn affirmatively alleges that no part of NSDC is designated as "the hole."

22. In answer to Paragraph 22 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

23. In answer to Paragraph 23 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

24. In answer to Paragraph 24 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

25. In answer to Paragraph 25 of Plaintiffs' Complaint, Warden Koehn denies the allegations. Warden Koehn affirmatively alleges that no part of NSDC is designated as "the hole."

26. In answer to Paragraph 26 of Plaintiffs' Complaint, Warden Koehn denies the allegations. Warden Koehn affirmatively alleges that no part of NSDC is designated as "the hole."

27. In answer to Paragraph 27 of Plaintiffs' Complaint, Warden Koehn admits only that detainees housed in the Restrictive Housing Unit ("RHU") are required to be restrained each time they leave their cell. Warden Koehn denies the remaining allegations. Warden Koehn affirmatively alleges that no part of NSDC is designated as "the hole."

28. In answer to Paragraph 28 of Plaintiffs' Complaint, Warden Koehn denies the allegations. Warden Koehn affirmatively alleges that no part of NSDC is designated as "the hole."

29. In answer to Paragraph 29 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

30. In answer to Paragraph 30 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

31. In answer to Paragraph 31 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

32. In answer to Paragraph 32 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

33. In answer to Paragraph 33 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

34. In answer to Paragraph 34 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

35. In answer to Paragraph 35 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

36. In answer to Paragraph 36 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

37. In answer to Paragraph 37 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

38. In answer to Paragraph 38 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

39.     In answer to Paragraph 39 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

40.     In answer to Paragraph 40 of Plaintiffs' Complaint, Warden Koehn is without sufficient knowledge or information to form a belief as to the remaining allegations, and on that basis denies them.

41.     In answer to Paragraph 41 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

42.     In answer to Paragraph 42 of Plaintiffs' Complaint, Warden Koehn admits the allegations, and affirmatively alleges that detainees are not provided with alcohol-based hand sanitizer for legitimate and corrections-industry-accepted safety and security reasons. Warden Koehn further affirmatively alleges that detainees are provided with sufficient soap and clean water to practice good hand hygiene, and that EPA-registered disinfectants are available for detainee use upon request.

43.     In answer to Paragraph 43 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

44.     In answer to Paragraph 44 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

45.     In answer to Paragraph 45 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

46.     In answer to Paragraph 46 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

47.     In answer to Paragraph 47 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

48.     In answer to Paragraph 48 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

49.      In answer to Paragraph 49 of Plaintiffs' Complaint, Warden Koehn admits only that detainees are provided one free phone call of up to 20 minutes per week, and that detainees are required to share the phones in their housing units with the other detainees in their housing

units. Warden Koehn affirmatively alleges that prior to COVID-19, detainees were not provided any free phone calls. Warden Koehn denies the remaining allegations.

50. In answer to Paragraph 50 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

51. In answer to Paragraph 51 of Plaintiffs' Complaint, Warden Koehn admits only that each housing unit has its own enclosed outdoor recreation yard. Warden Koehn denies the remaining allegations.

52. In answer to Paragraph 52 of Plaintiffs' Complaint, Warden Koehn admits only that detainees in Unit AA are kept in their cells 23 hours per day. Warden Koehn affirmatively alleges that detainees who are housed in Unit AA for non-disciplinary reasons, such as intake quarantine, are provided the same services as detainees in general population units.

53. In answer to Paragraph 53 of Plaintiffs' Complaint, Warden Koehn denies the allegations. Warden Koehn affirmatively alleges that services such as medical, religious services, and other programs are provided in-unit.

54. In answer to Paragraph 54 of Plaintiffs' Complaint, Warden Koehn denies the allegations. Warden Koehn affirmatively alleges that programs are provided in-unit through the use of program packets.

55. In answer to Paragraph 55 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

56. In answer to Paragraph 56 of Plaintiffs' Complaint, Warden Koehn is without sufficient knowledge or information to form a belief as to the remaining allegations, and on that basis denies them.

57. In answer to Paragraph 57 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

58. In answer to Paragraph 58 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

59. In answer to Paragraph 59 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

60. The allegations in Paragraph 60 of Plaintiffs' Complaint are not directed at Warden Koehn, such that no response is required and none is given. To the extent a response is required, Warden Koehn is without sufficient knowledge or information to form a belief as to the allegations, and on that basis denies them.

61. In answer to Paragraph 61 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

62. In answer to Paragraph 62 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

63. In answer to Paragraph 63 of Plaintiffs' Complaint, Warden Koehn is without sufficient knowledge or information to form a belief as to the allegations, and on that basis denies them. Warden Koehn affirmatively alleges that the referenced reports are sent by USMS, not Warden Koehn or any other CoreCivic/NSDC personnel.

64. In answer to Paragraph 64 of Plaintiffs' Complaint, Warden Koehn is without sufficient knowledge or information to form a belief as to the allegations, which are outdated by several months, and on that basis denies them. Warden Koehn affirmatively alleges that the referenced reports are sent by USMS, not Warden Koehn or any other CoreCivic/NSDC personnel.

65. In answer to Paragraph 65 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

66. In answer to Paragraph 66 of Plaintiffs' Complaint, Warden Koehn admits only that he testified at the hearing in *U.S. v. David Cox*, 2:19-cr-00271-RFB-VCF (D. Nev.), on April 30, 2020. As to the particular testimony given, the transcript speaks for itself.

67. In answer to Paragraph 67 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

68. In answer to Paragraph 68 of Plaintiffs' Complaint, Warden Koehn is without sufficient knowledge or information to form a belief as to the allegations, and on that basis denies them.

69. In answer to Paragraph 69 of Plaintiffs' Complaint, Warden Koehn is without sufficient knowledge or information to form a belief as to the allegations, and on that basis denies them.

70. In answer to Paragraph 70 of Plaintiffs' Complaint, Warden Koehn denies the allegations.

71. In answer to Paragraph 71 of Plaintiffs' Complaint, Warden Koehn admits only that he testified at the hearing in *U.S. v. David Cox*, 2:19-cr-00271-RFB-VCF (D. Nev.), on April 30, 2020. As to the particular testimony given, the transcript speaks for itself.

72. In answer to Paragraph 72 of Plaintiffs' Complaint, Warden Koehn is without sufficient knowledge or information to form a belief as to the allegations, and on that basis denies them.

73. In answer to Paragraph 73 of Plaintiffs' Complaint, Warden Koehn is without sufficient knowledge or information to form a belief as to the allegations, and on that basis denies them. Warden Koehn specifically denies any attempts to conceal the true nature of conditions at NSDC.

74. In answer to Paragraph 74 of Plaintiffs' Complaint, Warden Koehn is without sufficient knowledge or information to form a belief as to the allegations, and on that basis denies them. Warden Koehn specifically denies any attempts to conceal the true nature of conditions at NSDC.

**STATEMENT OF LAW**

The allegations in the Statement of Law section of Plaintiffs' Complaint are not directed at Warden Koehn and call for a legal conclusion, such that no response is required and none is given. To the extent a response is required, Warden Koehn admits only that this Court has subject-matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331. By so admitting, Warden Koehn does not admit the sufficiency of the allegations or the validity of the claims, both of which are specifically denied. Warden Koehn affirmatively alleges that the Court previously dismissed the habeas corpus claims asserted in Plaintiffs' Complaint. (Doc. 24.) As to the remaining allegations, the cases and statutes speak for themselves.

## CLAIM FOR RELIEF

In answering the Claim for Relief, Warden Koehn incorporates by reference his responses to ¶¶ 1–74, above. Warden Koehn denies the allegations in the Claim for Relief and affirmatively alleges that NSDC has implemented extensive measures consistent with CDC guidelines, including but not limited to reducing the population to better allow social distancing, providing detainees with face masks, encouraging regular hand-washing, and enhanced sanitation procedures, to mitigate the risk of COVID-19 at NSDC.

## PRAYER FOR RELIEF

In answering the Prayer for Relief, Warden Koehn denies that Plaintiffs are entitled to any of the relief they seek. Warden Koehn specifically denies any attempts to conceal the true nature of conditions at NSDC.

## AFFIRMATIVE DEFENSES

1.   As a separate defense, and in the alternative, Warden Koehn alleges that the Complaint fails to state a claim upon which relief may be granted.

2.   As a separate defense, and in the alternative, Warden Koehn alleges that Plaintiffs lack standing to seek declaratory and/or injunctive relief.

3.   As a separate defense, and in the alternative, Warden Koehn alleges that he has made good faith efforts to mitigate and prevent the spread of COVID-19 among the detainee population at NSDC by implementing effective policies, procedures, and practices.

4.   As a separate defense, and in the alternative, Warden Koehn alleges that Plaintiffs do not suffer from medical conditions that place them at heightened risk from COVID-19, as defined by CDC guidelines.

5.   As a separate defense, and in the alternative, Warden Koehn alleges that Plaintiffs have not suffered any actual injuries as a result of Warden Koehn's actions or inactions.

6.   As a separate defense, and in the alternative, Warden Koehn alleges that Plaintiffs have received constitutionally adequate medical care at NSDC at all relevant times, and continue to do so.

7. As a separate defense, and in the alternative, Warden Koehn alleges that conditions of detention at NSDC are safe, sanitary, and do not violate any constitutional, statutory, or health/safety/corrections industry standards.

8. As a separate defense, and in the alternative, Warden Koehn alleges that he has taken, and continues to take, reasonable available measures to abate or reduce the risk of serious harm from COVID-19 for individuals at NSDC.

9. As a separate defense, and in the alternative, Warden Koehn alleges that he has acted reasonably under the circumstances.

10. As a separate defense, and in the alternative, Warden Koehn alleges that he has not placed Plaintiffs at a risk of irreparable harm or death.

11. As a separate defense, and in the alternative, Warden Koehn alleges that his actions and inactions have been made pursuant to a legitimate penological purpose.

12. As a separate defense, and in the alternative, Warden Koehn alleges that Plaintiffs' own conduct caused or contributed to the harm alleged, thus diminishing or eliminating Plaintiffs' right to relief.

13. As a separate defense, and in the alternative, Warden Koehn alleges that Plaintiffs have not been detained under conditions that amount to punishment.

14. As a separate defense, and in the alternative, Warden Koehn alleges that he has not acted with an intent to punish Plaintiffs or imposed any restrictions or conditions that were not reasonably related to a legitimate governmental objective.

15. As a separate defense, and in the alternative, Warden Koehn alleges that he has taken appropriate steps to provide for Plaintiffs' reasonable safety at NSDC.

16. As a separate defense, and in the alternative, Warden Koehn alleges that Plaintiffs have not suffered actual injury.

17. As a separate defense, and in the alternative, Warden Koehn alleges that, as a federal government contractor, CoreCivic/NSDC is entitled to derivative and qualified immunity, including but not limited to intergovernmental immunity, derivative sovereign immunity, preemption, and the government contractor defense.

18. Although Warden Koehn does not have specific facts in support of his remaining defenses at this time, Warden Koehn reserves the right to assert the following affirmative defenses pursuant to Fed. R. Civ. P. 8 and 12 should subsequent discovery disclose facts in support of them, including, but not limited to, waiver, estoppel, release, laches, and res judicata.

WHEREFORE, having fully answered Plaintiffs' Complaint, Warden Koehn prays that the Complaint be dismissed with prejudice, and that Warden Koehn be awarded his reasonable attorneys' fees and costs incurred herein and for such other relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Warden Koehn demands a jury trial as to all triable issues raised in the Complaint to the extent Plaintiffs seek any non-equitable relief.

DATED this 9th day of November, 2020.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/ Jacob B. Lee
Jacob B. Lee
Ashlee B. Hesman
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
JLee@strucklove.com
AHesman@strucklove.com

Gina G. Winspear
DENNETT WINSPEAR
3301 North Buffalo Dr., Suite 195
Las Vegas, NV 89129
GWinspear@dennettwinspear.com

*Attorneys for Respondent Brian Koehn*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Erin M. Gettel
> Federal Public Defender
> 411 E Bonneville Avenue, Suite 250
> Las Vegas, NV 89101
> Telephone: (702) 388-6577
> erin_gettel@fd.org
>
> *Attorney for Petitioners*

/s/ Jacob B. Lee