Jacob B. Lee
Nevada Bar No. 012428
Ashlee B. Hesman
Nevada Bar No. 012740
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
JLee@strucklove.com
AHesman@strucklove.com

Gina G. Winspear
Nevada Bar No. 005552
DENNETT WINSPEAR, LLP
3301 North Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
Telephone: (702) 839-1100
Fax: (702) 839-1113
GWinspear@dennettwinspear.com

*Attorneys for Defendant Brian Koehn*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JESS ELIJIO CARRANZA, JIMMY CARTER KIM,  Plaintiffs/Petitioners,  v.  WARDEN BRIAN KOEHN,  Defendant/Respondent. | Case No. 2:20-cv-01586-GMN-DJA  **DEFENDANT KOEHN'S MOTION TO STAY EXPEDITED DISCOVERY** |

Defendant,[1] Warden Brian Koehn,[2] through counsel, moves to stay the Magistrate Judge's November 9, 2020 Order requiring him to respond to Plaintiffs' burdensome requests for

---

[1] The Court dismissed Plaintiffs' habeas claim on October 16, 2020. (Doc. 24.)

[2] As of October 20, 2020, Brian Koehn is no longer the Warden of Nevada Southern Detention Center ("NSDC"). (Doc. 33.) Blair Leibach is currently the Interim Warden of NSDC. (*Id.*) Because Warden Koehn was sued in his official capacity only, Interim Warden Leibach is automatically substituted in for him as a Defendant. *See* Fed. R. Civ. P. 25(d). Moreover, the Court should amend the caption to reflect Blair Leibach as the Defendant. *See id.* ("Later proceedings should be in the substituted party's name.") Because the caption has not yet been amended, however, this Motion refers to Warden Koehn to avoid confusion.

- 1 -

production and allow an in-person visit by Plaintiffs' expert on an expedited basis before the parties met and conferred pursuant to Rule 26(f), before either Warden Koehn or the Magistrate Judge had seen the actual discovery requests, and without providing Warden Koehn an opportunity to fully and fairly brief the issue before being ordered to provide the discovery. Warden Koehn is entitled to seek review of that Order, and is filing an Objection concurrently with this Motion. But, absent a stay of discovery, Warden Koehn will be required to respond to Plaintiffs' overbroad and unduly burdensome discovery requests before the parties have even finished briefing on Warden Koehn's Objection to the November 9 Order, let alone before the Court has ruled on that Objection.[3]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On October 30, 2020, Plaintiffs filed a two-paragraph Motion for Scheduling Order, setting out an abbreviated procedural history and asking the Court to issue a Scheduling Order pursuant to Local Rule 16-1(b). (Doc. 30.) On November 3, 2020, the Magistrate Judge set a discovery hearing for November 9, 2020. (Doc. 31.) The Magistrate Judge did not order the parties to meet and confer before the hearing, and Plaintiffs made no attempt to do so.

Rather, Plaintiffs requested at the hearing—for the first time—an expedited discovery schedule that would require Warden Koehn to respond to 20 requests for production within two weeks and allow an in-person site visit by Plaintiffs' expert within 30 days. The details of the November 9 proceedings are set forth in Warden Koehn's Objection to Order Allowing Expedited Discovery (Doc. 36), and are incorporated herein by reference. The Magistrate Judge failed to analyze whether good cause existed for Plaintiffs' burdensome and expedited discovery requests. Instead, he ordered Warden Koehn to respond to the requests for production and allow the in-

---

[3] Counsel for Warden Koehn informed the Magistrate Judge during the November 9, 2020 discovery hearing of Warden Koehn's intent to object to and seek a stay of the Order. The Magistrate Judge confirmed that if an objection is pending before the District Court and Warden Koehn has moved for a stay, the Magistrate Judge would not take the position that Warden Koehn "has somehow violated [his] order" by not having provided the requested discovery while the District Judge is deciding whether or not to allow it.

- 2 -

1  person site visit on an expedited basis before the parties met and conferred pursuant to Rule 26(f),
2  before either Warden Koehn or the Magistrate Judge had seen the actual discovery requests, and
3  without providing Warden Koehn an opportunity to fully and fairly brief the issue before being
4  ordered to provide the discovery. Warden Koehn is filing an Objection to the November 9 Order
5  pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and LR IB 3-1(a) concurrently with
6  this Motion. (Doc. 36.)

7  **II.     LEGAL ARGUMENT**

8  "The district court has wide discretion in controlling discovery." *See Little v. City of
9  Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (holding the district court did not abuse its discretion in
10 staying discovery "until the issue of immunity was decided," which "further[ed] the goal of
11 efficiency for the court and litigants"); *see also Landis v. North Am. Co.*, 299 U.S. 248, 254–55
12 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to
13 control the disposition of the causes on its docket with economy of time and effort for itself, for
14 counsel, and for litigants."). To determine whether a stay is appropriate, the Court must consider
15 "the possible damage which may result from the granting of a stay, the hardship or inequity which
16 a party may suffer in being required to go forward, and the orderly course of justice measured in
17 terms of the simplifying or complicating of issues, proof, and questions of law which could be
18 expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). These
19 factors weigh in favor of a stay of the discovery required by the November 9 Order.

20         **A.     No Damage Will Result From a Stay.**

21 After reviewing the evidence submitted by the parties—including a detailed declaration
22 from Warden Koehn describing the extensive measures NSDC has undertaken to mitigate the risk
23 of COVID-19—the Court granted Defendant Koehn's motion seeking dismissal of the habeas
24 portion of Plaintiffs' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and
25 Complaint for Declaratory and Injunctive Relief ("Complaint"). (Doc. 24.)[4] The Court allowed

---

27 [4] The Court denied the Motion to Dismiss to the extent it sought dismissal of the claims for declaratory and injunctive relief, but Warden Koehn did not challenge those claims in the Motion
28 to Dismiss, which was filed in response to the Order that required Warden Koehn to respond to

Plaintiffs' claims for declaratory and injunctive relief to proceed, but gave no indication that they needed to proceed on an expedited basis. (Id.) Moreover, although Plaintiffs stated at the November 9 discovery hearing that they intend to move for preliminary injunctive relief, they have yet to do so, even though this lawsuit has been active for nearly three months.

The fact that Plaintiffs want to have an expert conduct an in-person site inspection before they file their motion for preliminary injunctive relief suggests that even Plaintiffs are not certain whether current conditions at NSDC warrant such relief. In other words, Plaintiffs appear to want to engage in a fishing expedition to determine whether to file their motion. As set forth in more detail in Warden Koehn's Objection to Order Allowing Expedited Discovery (Doc. 36), this is not a proper reason to order expedited discovery. And the fact that Plaintiffs have waited this long suggests they will not be harmed by a temporary delay while the Court decides whether to allow such discovery.

### B. Warden Koehn Will Be Prejudiced By Being Required to Proceed With Expedited Discovery.

Plaintiffs' requests for productions—which the Magistrate Judge did not review prior to ordering Warden Koehn to respond to them—are compound, resulting in Warden Koehn having to respond to significantly more requests than Plaintiffs claim. The requests are also overbroad and unduly burdensome, and are not narrowly tailored to allow Plaintiffs to obtain preliminary injunctive relief (nor can they be, as there is no such motion pending at this time); instead, they improperly go to the merits of Plaintiffs' claims, and even beyond them. *See Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1069 (C.D. Cal. 2009).

Plaintiffs are two federal pretrial detainees in the legal custody of the United States Marshals Service ("USMS") and currently detained at NSDC. (Doc. 1.) They assert claims only on behalf of themselves, and are not seeking to certify a class action. (Id) Nevertheless, Plaintiffs seek "NSDC's COVID-19 response plan and any plans, protocols, or documents that bear on NSDC's compliance with CDC guidance"; [d]ocuments regarding protocols for death reviews for

---

the Petition, but did not require a response to the Complaint at that time. (Doc. 5.) Warden Koehn filed his Answer to the Complaint on November 9, 2020. (Doc. 33.)

- 4 -

COVID-19 cases and any such completed reviews"; "[d]ocuments regarding the current number of detainees in each unit and the maximum capacity of each of those units"; "[d]ocuments regarding the total number of working sinks, toilets, showers, telephones, and computers in each unit"; "[a]ll grievances, kites, or internal complaints that have been filed within the facility relating to COVID-19 from March 17, 2020, to present and all responses thereto"; and "[d]ocuments regarding which correctional officers and any other NSDC staff worked in which units and when from August 26, 2020 to present." (Doc. 36, Ex. 3.)

The burden imposed by these overbroad and compound requests is exponentially increased by the fact that the Magistrate Judge required Warden Koehn to respond to them within only 14 days. Under the current schedule, Warden Koehn is required to serve responses to Plaintiffs' written discovery requests by November 23, 2020, the same day his Objection to the November 9 Order is due. *See* 28 U.S.C. § 636(b)(1) (requiring objections within 14 days); Fed. R. Civ. P. 72(a) (same); LR IB 3-1(a) (same). Warden Koehn is further required to allow an in-person site visit by December 9, 2020, two days after Plaintiffs' response to the Objection is due. *See* LR IB 3-1(a) (requiring any responses to the objections within 14 days of service of the objections). A brief stay of the November 9 Order until the Court has ruled on Warden Koehn's Objection will protect Warden Koehn's right to due process and minimize the burden on Warden Koehn by allowing him to fully and fairly brief these issues without having to gather burdensome information sought by Plaintiffs on an expedited basis and prepare for and potentially participate in the site visit (to the extent the Court allows Warden Koehn to file a reply in support of the Objection, *see* LR IB 3-1(a)) at the same time.

## C. The Orderly Course of Justice Will Be Served By a Brief Stay.

As noted above, Warden Koehn has a right to seek review by the District Judge of the Magistrate Judge's Order. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1(a). Absent a stay, Warden Koehn will be effectively deprived of this right. Moreover, resolution of Warden Koehn's Objection to the November 9 Order could eliminate the need for expedited discovery. Thus, allowing the Court to rule on the Objection before requiring Warden Koehn to respond to expedited discovery will promote the orderly course of justice.

**III.   CONCLUSION**

For the foregoing reasons, Warden Koehn respectfully requests a brief stay of discovery until the Court has ruled on his Objection to the November 9 Order.

DATED this 23rd day of November, 2020.

       STRUCK LOVE BOJANOWSKI & ACEDO, PLC

       By /s/ Jacob B. Lee
        Jacob B. Lee
        Ashlee B. Hesman
        3100 West Ray Road, Suite 300
        Chandler, Arizona 85226
        JLee@strucklove.com
        AHesman@strucklove.com

        Gina G. Winspear
        DENNETT WINSPEAR
        3301 North Buffalo Dr., Suite 195
        Las Vegas, NV 89129
        GWinspear@dennettwinspear.com

       NICHOLAS A. TRUTANICH
       UNITED STATES ATTORNEY

       By /s/ Holly A. Vance (with permission)
        Holly A. Vance
        Assistant United States Attorney
        United States Attorney's Office
        400 S. Virginia Street, Suite 900
        Reno, NV 89501
        Holly.A.Vance@usdoj.gov

       *Attorneys for Defendant Brian Koehn*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Erin M. Gettel
> Federal Public Defender
> 411 E Bonneville Avenue, Suite 250
> Las Vegas, NV 89101
> Telephone: (702) 388-6577
> erin_gettel@fd.org
>
> *Attorney for Petitioners*

/s/ Jacob B. Lee