1  Jacob B. Lee
   Nevada Bar No. 012428
2  Ashlee B. Hesman
   Nevada Bar No. 012740
3  STRUCK LOVE BOJANOWSKI & ACEDO, PLC
   3100 West Ray Road, Suite 300
4  Chandler, Arizona  85226
   Telephone:  (480) 420-1600
5  Fax:  (480) 420-1695
   JLee@strucklove.com
6  AHesman@strucklove.com

7  Gina G. Winspear
   Nevada Bar No. 005552
8  DENNETT WINSPEAR, LLP
   3301 North Buffalo Drive, Suite 195
9  Las Vegas, Nevada 89129
   Telephone: (702) 839-1100
10 Fax: (702) 839-1113
   GWinspear@dennettwinspear.com

11
12 *Attorneys for Respondent Brian Koehn*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JESS ELIJIO CARRANZA, JIMMY CARTER KIM, | Case No. 2:20-cv-01586-GMN-DJA |
| Plaintiffs/Petitioners, | **DEFENDANT KOEHN REPLY IN SUPPORT OF MOTION TO STAY EXPEDITED DISCOVERY (DKT. 37)** |
| v. | |
| WARDEN BRIAN KOEHN, | |
| Defendant/Respondent. | |

Plaintiffs' Opposition to Motion for Stay fails to show that a brief stay of the Magistrate

Judge's November 9, 2020 Order requiring Warden Koehn[1] to provide responses to Plaintiffs'

requests for production and to allow an in-person site visit on an expedited basis is not warranted.

---

[1] As stated in n. 2 of Warden Koehn's Motion to Stay (Doc. 37), Warden Koehn is no longer the Warden of NSDC. Because he was sued in his official capacity only (Doc. 1 at 4:1–2), the new warden is automatically substituted in for him as the Defendant. See Fed. R. Civ. P. 25(d). Because the Court has not yet ordered the caption amended, however, and because a new Warden has not been named (Interim Warden Leibach is currently serving in the capacity of Warden, but has not been named the new warden of NSDC), this Reply, like the underlying Motion, continues to refer to the Defendant in this matter as Warden Koehn.

1  Moreover, the Magistrate Judge stated at the November 9 hearing that he would not expect

2  expedited discovery to continue while the Objection is pending. (Doc. 35 at 29:19–24.) The Court

3  should therefore enter a brief stay of the November 9 Order until the District Judge has ruled on

4  Warden Koehn's Objection.

5  **I.      LEGAL ARGUMENT**

6          At the November 9 hearing, counsel for Warden Koehn made it clear that Warden Koehn

7  is "not objecting to the conduct of discovery," but rather "to this rapid schedule … with which

8  petitioners would have [Warden Koehn] respond, which is the same period of time that the rules

9  allow [Warden Koehn] to file objections with the – with the district judge." (Doc. 35 at 26:13–

10  18.) After further discussion, the Magistrate Judge asked whether, if he set the deadline to

11  respond to Plaintiffs' requests for production as November 23, and the deadline to allow the site

12  visit as December 9, that would give Warden Koehn sufficient time to object and bring the issue

13  to the District Judge's attention. (Doc. 35 at 28:11–25.) Counsel responded that although it would

14  give him sufficient time to file an objection and a motion to stay, it was unclear whether those

15  filings would be resolved before the deadlines so that Warden Koehn was not "violating an order

16  by not producing the documents by the deadline or not conducting the site visit … by the

17  deadline." (Id. at 29:3–18.)

18          The Magistrate Judge responded by stating that he would not "take a position that

19  [Warden Koehn has] somehow violated [his] order by not [providing the discovery] when Judge

20  Navarro's deciding whether or not she's going to allow it. So that shouldn't be a concern for

21  [Warden Koehn]." (Id. at 29:19–24.) The Magistrate Judge went on to state that "it certainly

22  wouldn't be [his] intent to, while that's being litigated, [Plaintiffs] get to do their site inspection.

23  That – that's certainly not the intent of the Court." (Id. at 30:1–4.)

24          Consistent with those statements, Warden Koehn filed a Motion for Stay with his

25  Objection that sought to stay enforcement of the Magistrate Judge's November 9 Order while his

26  Objection is pending, which Plaintiffs have opposed. For the reasons set forth below and in the

27  underlying Motion, a brief stay is appropriate, and should be granted.

28

**A.      No Damage Will Result From a Stay.**

Plaintiffs fail to show that they will be harmed by a brief stay of expedited discovery while the District Judge considers Warden Koehn's Objection. They provide no evidence suggesting that they are in any particular danger at NSDC. Instead, they rely on vague statements about the state of the COVID-19 pandemic in the United States generally and accuse Warden Koehn of "ignor[ing] the pandemic and these harms completely."

Plaintiffs are incorrect. Warden Koehn has already provided extensive evidence of the policies and procedures that have been implemented since the start of the pandemic to mitigate the risk of COVID-19 at NSDC, including evidence regarding the medical care that has been provided to Plaintiffs in particular. (Doc. 12, 13.) When the Court dismissed Plaintiffs' habeas claims and allowed the civil claims for declaratory and injunctive relief to proceed, it gave no indication that they needed to be resolved on an expedited basis, despite having both Plaintiffs' claims and Warden Koehn's response at its disposal. (Doc. 24.)

Plaintiffs argue that they intend to file a motion for preliminary injunctive relief, but need the expedited discovery to identify the specific measures upon which to seek relief, and are being harmed by their inability to do so. But Plaintiffs' argument is an implicit concession that they do not know whether current conditions at NSDC actually warrant such relief, making their request for expedited discovery little more than a fishing expedition. *See Lucero-Gonzalez v. Kline*, 464 F. Supp. 3d 1078, 1093 & n.24 (denying the plaintiffs' motion for temporary restraining order and preliminary injunction in part because the plaintiffs had not "made the requisite showing that they are likely to succeed on the merits of their claims at this time," and stating that "notwithstanding the clear risks posed by COVID-19, that Plaintiffs seek an expert to determine 'whether' Defendants have violated their rights smacks of a fishing expedition"). Moreover, as noted above, Plaintiffs fail to show any specific harms that are likely to result to them as a result of the brief stay of expedited discovery Warden Koehn seeks.

/ / /

/ / /

1

2

**B.      Warden Koehn Will Be Prejudiced By Being Required to Proceed With Expedited Discovery.**

3

4

5

6

7

8

9

10

11

12

Plaintiffs completely ignore Warden Koehn's arguments regarding the breadth and burden of their discovery requests. There are not "about 20" requests for production, as Plaintiffs asserted during the November 9 hearing. (Doc. 35 at 7:7.) Rather, due to their compound nature, there are well over 40 discrete requests. They are not narrowly tailored to the injunctive relief Plaintiffs intend to seek, and cannot be, as even Plaintiffs are not yet sure what specific relief they intend to seek in their forthcoming motion for preliminary injunction. The same is true of Plaintiffs' request for an in-person site visit, during which Plaintiffs want their expert to be able to view all areas of the facility and interview "10 to 15 detainees and 10 to 15 staff members" over a period of at least a full business day, even though this lawsuit only involves two detainees. (Doc. 35 at 9:5–16.)

13

14

15

16

17

18

19

20

21

Warden Koehn is not, as Plaintiffs imply, objecting to all discovery of any sort. Rather, as stated both at the November 9 hearing and in Warden Koehn's Objection, he is objecting to the unnecessarily expedited nature of the discovery, and to being ordered to provide the discovery (including both the written requests and the site visit) on an expedited basis without having first been provided advance notice and an opportunity to be fully and fairly heard on the issue. (Doc. 35 at 26:13–18; Doc. 36; Doc. 47-1.) The brief stay being sought by Warden Koehn will protect Warden Koehn's right to due process and minimize the burden by allowing him to fully and fairly brief these issues without having to gather burdensome information sought by Plaintiffs on an expedited basis and prepare for and participate in a burdensome site visit at the same time.

22

**C.      The Orderly Course of Justice Will Be Served by a Brief Stay.**

23

24

25

26

27

28

Again, Plaintiffs appear to be under the mistaken impression that Warden Koehn is objecting to all discovery of any type in this matter. He is not. By allowing the District Judge to rule on Warden Koehn's Objection before requiring him to respond to Plaintiffs' requests for production and allow the site visit on an expedited basis, Warden Koehn's right to seek review of the Magistrate Judge's Order will be preserved. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR IB 3-1(a). And should the District Judge agree that Warden Koehn's right to due

1   process was violated, the parties can then meet and confer pursuant to Rule 26(f) to develop a
2   proposed discovery schedule that provides Plaintiffs with the information they need without
3   imposing an undue burden on Warden Koehn.

4   **II.      CONCLUSION**

5          For the reasons set forth above and in the underlying Motion to Stay, Warden Koehn
6   respectfully requests that the Court briefly stay the expedited discovery ordered by the Magistrate
7   Judge until the District Judge has ruled on Warden Koehn's Objection to the November 9 Order.

8          DATED this 14th day of December, 2020.

9                                              STRUCK LOVE BOJANOWSKI & ACEDO, PLC

10

11                                      By  /s/ Jacob B. Lee
                                            Jacob B. Lee
12                                          Ashlee B. Hesman
                                            3100 West Ray Road, Suite 300
13                                          Chandler, Arizona  85226
                                            JLee@strucklove.com
14                                          AHesman@strucklove.com

15                                          Gina G. Winspear
                                            DENNETT WINSPEAR
16                                          3301 North Buffalo Dr., Suite 195
                                            Las Vegas, NV 89129
17                                          GWinspear@dennettwinspear.com

18                                          *Attorneys for Respondent Brian Koehn*

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on December 14, 2020, I electronically transmitted the attached

3 document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of

4 Electronic Filing to the following CM/ECF registrants:

5
Erin M. Gettel
6      Federal Public Defender
411 E Bonneville Avenue, Suite 250
7      Las Vegas, NV 89101
Telephone: (702) 388-6577
8      erin_gettel@fd.org

Kelly H. Dove
9      SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
10     Las Vegas, Nevada 89169
Telephone: (702) 784-5200
11     kdove@swlaw.com

12     *Attorney for Petitioners*

13

14                                              /s/ Jacob B. Lee

15

16

17

18

19

20

21

22

23

24

25

26

27

28