UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JESS ELIJIO CARRANZA, *et al.*,       )
                                       )
              Plaintiffs,       )       Case No.: 2:20-cv-01586-GMN-DJA
  vs.                                  )
                                       )       **ORDER**
WARDEN BRIAN KOEHN, *et al.*,          )
                                       )
              Defendants.       )
                                       )

      Pending before the Court is Defendant Warden Brian Koehn's ("Defendant's") Objection/Appeal of the Magistrate Judge's Order, (ECF No. 36), scheduling expedited discovery. Plaintiffs Jess Elijio Carranza and Jimmy Carter Kim (collectively, "Plaintiffs") filed a Response, (ECF No. 39), and Defendant filed a Motion for Leave to File Reply, (ECF No. 46).

      Also pending before the Court is Defendant's Motion to Stay Expedited Discovery, (ECF No. 37). Plaintiffs filed a Response, (ECF No. 41), and Defendant filed a Reply, (ECF No. 48).

      For the reasons discussed below, the Court **DENIES** Defendant's Objection.

I. <u>**BACKGROUND**</u>

      This case arises out of Plaintiffs' allegations regarding their conditions of confinement at Nevada Southern Detention Center ("NSDC") during the COVID-19 pandemic. Plaintiffs claim that and NSDC's deficient COVID-19 prevention policies increase the risk of infection for detainees and do not comply with CDC guidelines. (Pet. Writ Habeas Corpus 7:4–5, 18:25–

27, ECF No. 1).[1] Plaintiffs moved for expedited discovery in anticipation of filing a Motion for Preliminary Injunction. (Trans. Proceedings 4:25–5:2, ECF No. 35).  After a hearing on the matter, the Magistrate Judge granted Plaintiffs' request, ordering expedited document production and a site visit of NSDC. (*Id.* 31:7–25).  Defendant objects to the Magistrate Judge's order for expedited discovery. (*See generally* Obj., ECF No. 32).

## II. LEGAL STANDARD

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985).  A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-RCJ, 2014 U.S. Dist. LEXIS 129489, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).  When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007).  The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

## III. DISCUSSION

Defendant argues that ordering expedited discovery is contrary to law because the Magistrate Judge granted the request for expedited discovery before the parties met and

---

[1] Plaintiffs styled their filing as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a complaint for declaratory and injunctive relief.  On October 16, 2020, the Court dismissed the habeas claims, but allowed the action to proceed on Plaintiffs' civil rights claims. (Order 1:18–24, ECF No. 24).

conferred pursuant to Rule 26(f), before the Magistrate Judge saw the actual discovery requests, and without providing Defendant an opportunity to fully and fairly brief the issue. (Obj. 13:9–15, ECF No. 36). Specifically, Defendant contends that the Magistrate Judge's decision was an abuse of discretion because Plaintiffs have not yet filed a motion for preliminary injunction, gathering evidence in support of a future motion for preliminary injunction is not a proper purpose for expedited discovery, and the breadth and burden of the discovery request is extensive. (*Id.* 6:3–13:7).

When determining whether to order expedited discovery, district courts in the Ninth Circuit generally follow a good cause analysis. *See e.g.*, *Alvarez v. LaRose*, No. 3:20-cv-00782-DMS-AHG, 2020 WL 5594908, at * 1–2 (C.D. Cal. Sept. 18, 2020) ("In the Ninth Circuit, courts use the 'good cause' standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference."); *Snow Covered Capital, LLC v. Weidner*, No. 2:19-cv-00595, 2019 WL 2648799, at *2 (D. Nev. June 26, 2019) ("early discovery may be permitted by court order upon a showing of good cause."). While the Ninth Circuit itself has not opined on the standard for ordering expedited discovery, it has positively cited several district court cases where the good cause standard was employed. *See, e.g.*, *Med Vets, Inc. v. VIP Petcare Holdings, Inc.* 811 Fed. Appx. 422, 424 (9th Cir. 2020) ("curing pleading deficiencies is not, by itself, good cause for [expedited] discovery"); *Kulkarni v. Upasani*, 659 Fed. Appx. 937, 941 (9th Cir. 2016) ("[i]t was not an abuse of discretion for the Magistrate Judge to determine that expedited discovery would be overly burdensome and that [the plaintiff] had not established good cause for why discovery must occur").

Some district courts analyze a variety of factors when determining whether there is good cause to order expedited discovery, such as (1) whether a preliminary injunction is pending; (2) the breadth of discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the

1 typical discovery process the request was made. *Alvarez*, 2020 WL 5594908, at *2. Still other 2 district courts perform a more generalized analysis, sch as merely "evaluating the 3 reasonableness of the request in light of all the surrounding circumstances." *Snow Covered* 4 *Capital*, at *2. However, the Court notes that there is no binding precedent establishing 5 specific factors that must be analyzed before expedited discovery can be ordered.

6     In the present case, the Magistrate Judge granted Plaintiffs' request for expedited 7 discovery because it involved a time-sensitive issue in relation to the COVID-19 pandemic and 8 conditions of confinement for the incarcerated Plaintiffs. (Trans. Proceedings 3:22–23, 15:4–9 17). In making this decision, the Magistrate Judge entertained Defendant's concerns about the 10 burdens of expedited discovery, but noted that Defendant has both the United States Attorney's 11 Office and a private law firm working on the case, many of the document requests are merely 12 updates from previously produced documents, and the site inspection would be narrowly 13 tailored to a one day affair. *Cf Vantage Mobility Int'l LLC v. Kersey Mobility LLC*, 836 Fed, 14 Appx. 496, 500 (9th Cir. 2020) ("the district court did not abuse its discretion in denying [the 15 plaintiff's] request for expedited discovery because [the plaintiff's] request was not narrowly 16 tailored to the preliminary injunction issues"); (Trans. Proceedings, 7:7–10, 8:11–13, 9:17–21, 17 25:25–26:5, 30:23–24, 32:9–13). Therefore, it is clear to the Court that the Magistrate Judge 18 balanced the burden of expedited discovery for Defendant with the possibility of Plaintiffs' 19 harm from COVID-19. Accordingly, there was good cause to grant expedited discovery, and 20 the Magistrate Judge did not act contrary to law because he did not fail to apply "relevant 21 statutes, case law or rules of procedure." In fact, by court-ordering the expedited discovery 22 after evaluating both parties' arguments, the Magistrate Judge complied with the Federal Rules 23 of Civil Procedure. *See* Fed. R. Civ. P. 26(d) ("[a] party may not seek discovery from any 24 source before the parties have conferred as required by Rule 26(f) . . . except by court order").

25

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Objection/Appeal, (ECF No. 36), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay Expedited Discovery, (ECF No. 37), is **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Reply, (ECF No. 46), is **GRANTED**.

**DATED** this __23__ day of September, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT